MILLER v. CASSADY.

1. Justice of the peace: PLEADING: ERROR WITHOUT PREJUDICE. A judgment in an action on an account originating before a justice of the peace, where full and formal pleadings are not required, which effectuates justice between the parties, will not be disturbed, because the jury may have possibly allowed payments which were not for-

mally pleaded, when a full investigation of the state of accounts on both sides was gone into without objection on the part of the party complaining.

2. Damages: MEASURE OF: CONTRACT. Where plaintiff stored wheat for defendant during several years, under an agreement by which defendant was to pay for the storage five bushels in every one hundred stored, the measure of damages, in an action by plaintiff to recover the price of the wheat, which, under the agreement, he was entitled to for storage, was held, under the circumstances, not to be the price per bushel which the wheat was worth at the time he demanded it, but the value of the wheat at the time the storing for the respective years was completed.

*Appeal from Warren District Court.*

THURSDAY, JULY 23.

PRACTICE: RULE OF DAMAGES: GENERAL AND SPECIAL VERDICT. — This action was commenced before a justice of the peace on the 24th day of April 1867. Plaintiff alleges that he stored in his barn wheat for the defendant, as follows: In the year 1859, 85 bushels; in 1860, 150 bushels; in 1861, 440 bushels; in 1863–4, 180 bushels; in all 855 bushels, under a contract whereby defendant was to pay plaintiff five bushels of wheat for every one hundred stored. Plaintiff claims for 42¾ bushels, at $2.35 per bushel — $98.32. Defense, first, in denial; second, statute of limitations; third, set-off. The set-off consisted of items of work and labor, and including, among other charges, one in A. D. 1864 of 19½ bushels of seed wheat at 75 cents per bushel. By replication plaintiff denies the set-off, and pleads payment thereof. There was a jury trial before the justice, resulting in a verdict for defendant of $18.62½. Plaintiff appealed to the District Court, and the jury on this trial also rendered a verdict for the defendant for $13.45.

At plaintiff's request, the jury answered the following questions, and none others:

1. How much wheat was due plaintiff, if any, from defendant, for storing wheat up to the time plaintiff demanded it? A. Thirteen bushels.

2. How much was wheat worth when demanded? A. $2.35 per bushel.

3. What, if anything, do you allow defendant on his account pleaded as a set-off? A. $44.

Plaintiff's motion for a new trial was overruled, and judgment was entered for the defendant on the verdict. Plaintiff appeals, and assigns as error —

1. The giving and refusing to give certain instructions.

2. The overruling the motion for a new trial, particularly because the verdict was against law and evidence.

*S. Sibley* for the appellant.

*W. H. McHenry & Kendall* for the appellee.

DILLON, Ch. J.—The parties are farmers and neighbors. Plaintiff had a barn and defendant had none. The evidence shows that they lived many years together on good terms, exchanging work and other friendly offices. Shortly before this action was commenced, for some cause, a misunderstanding arose. On the trial each party was allowed, without objection, to prove every matter which during an intercourse of years would tend to establish a liability against the other. From an examination of the evidence, we are impressed with the belief that if any thing was omitted on either side it was wholly undesigned, and must be imputed entirely to a failure of recollection. Stimulated as their memory was by a rancor altogether disproportioned to the small amount involved, it is not probable that any pecuniary transaction, however minute, escaped them. Each party was allowed by the other full rein — the defendant on his set-off, and the plaintiff on his reply—which

*[margin note:* JUSTICE OF THE PEACE: pleading; error without prejudice. *]*

stated that the matters of labor on the set-off had been paid by services of a similar kind.

This is one of those cases in which the best interest of both parties is promoted by having a termination of their litigation. Yet if there were manifest error in the record, it would be our duty, however much we might regret it, to reverse the judgment and order a new trial.

But it is our opinion that no such error appears. The plaintiff complains of the instructions refused. This complaint has no foundation. Most of them were embraced in substance in the court's charge, and none of them, in our judgment, ought to have been given.

Of those given, the plaintiff excepted only to the following : " Whatever amount you find due and unpaid to the plaintiff, on his claim, you will find for him in making up your verdict." Plaintiff objects to the words " *and unpaid*," because there was no proof of payment, and no allegation of it. It is true that there was no formal allegation of payment, but there was a denial of the plaintiff's account, and as before observed, the parties on each side, and without objection, went into a full investigation of the state of their accounts. We are not dissatisfied with the result, and in a cause originating before a justice, where full and formal pleadings are not required, we cannot reverse the judgment for the specified objection to this instruction.

But the main error relied on for a reversal, is that the verdict was against the evidence. Aside from the special findings, there is no ground for this objection.
2. DAMAGES: measure of: contract. The testimony, it is true, is conflicting, but, taking it as it appears in the record, we think it probable, if a new trial were awarded, that a third jury would decide as did the two former ones.

Plaintiff claims five bushels in one hundred, for storing eight hundred and fifty-three bushels of wheat, com-

Miller v. Cassady

mencing in 1859; that is, he seeks to recover for forty-two and three-quarter bushels, at two dollars and thirty-five cents per bushel, that being the value of wheat at the time he demanded it, on the 6th day of April, 1867.

The testimony shows, that, during the years in which the wheat was being stored, the prices of wheat ranged from forty cents to seventy-five cents per bushel. In April, 1867, it happened to bear the high price of two dollars and thirty-five cents. The court charged, as requested by the plaintiff, that the statute of limitations would not run against the plaintiff's claim until demand; also, that the plaintiff was entitled to recover the price at the time demand was made.

Under the circumstances of this case, we think this rule of damages was wrong. The plaintiff would have been entitled to recover, for the wheat stored in 1859, the value at the time the storing for that year was completed, and, it may be, its value for a reasonable period beyond, and so as respects the subsequent years; but to say that he may delay to make demand and to bring suit for seven or eight years, and then select for making the demand a time when wheat bears an extraordinary price, and recover such price, would strike every fair mind as unjust; the more so, in this case, as there is evidence tending to show that the plaintiff, during the same period, obtained from the defendant wheat charged at the rate of seventy-five cents per bushel in the account of the defendant's set-off.

Allowing the plaintiff the market rates for the number of bushels he claims, and the defendant the amount of his set-off as returned by the jury, and the verdict approximates justice so closely as to require us to allow it to stand.

Appellant's counsel argues that the special finding shows that the jury applied, bushel for bushel, the wheat

Bonham v. Iowa Central Ins. Co.

obtained by plaintiff from defendant as a payment *pro tanto* for the wheat sued for, and that this was wrong because there was no plea of payment.

We answer this as follows :

1. It is not clear that the jury did as claimed. They have not said so.

2. The parties, without objection, went into a full examination of all matters of account, and

3. The general result is right, justice has been done, and the verdict should stand, although the processes of reasoning by which the right result was reached may not be defensible.

Respecting the work of juries, it may often truly be said, " they have builded better than they knew." Their notions of justice are sometimes more to be praised than their powers of ratiocination.

Affirmed.